# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 3:95CR00066 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **HERMAN C. NEWMAN**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Herman C. Newman, Pro Se Defendant.*

The defendant, Herman C. Newman, has filed three motions that I construe as motions seeking reduction of sentence. Upon review of the record, I must deny the motions.

In his first two submissions, Newman asks for an amended judgment, stating that his sentence has been reduced to "time served." The docket does not reflect that Newman has been resentenced to "time served." In an order issued February 29, 2008, I notified Newman and the government that Newman appeared to be eligible for a reduction of sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (2000) and the amendments to the crack cocaine sentencing guideline.[1] Both parties responded. The

---

[1] Section 3582(c)(2) authorizes a court to modify a term of imprisonment, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

government's March 12, 2008 response objecting to any sentence reduction for Newman included the following sentence:

> If the court does calculate a lower guideline range and re-sentences to a term of imprisonment, which is satisfied by time served, the United States requests that this Court direct that the defendant be released ten (10) days from the date of the entry of this re-sentencing order, in order to allow the Bureau of Prisons to complete release planning, conduct the violent sexual offender assessment mandated by law, and obtain any DNA samples required by law.

(Gov't Resp. ¶ 4, Mar. 12, 2008.) This language does not indicate that the government has no objection to reducing Newman's sentence to time served, as Newman now appears to contend. On June 23, 2008, I reduced Newman's sentence from 180 months to 150 months imprisonment pursuant to § 3582(c) and the amendments to the crack cocaine guideline. The government has offered evidence showing that this reduced sentence has not been satisfied, since he began serving the federal sentence only in 2007.[2] Newman's arguments do not demonstrate that he is entitled to an amended judgment stating that his sentence was reduced in June 2008 to time served, and these motions must be denied.

---

[2] To the extent that Newman seeks credit against his federal sentence for time he served on a prior-imposed state sentence before his federal sentence commenced, his appropriate course of action is to first exhaust his administrative remedies within the Federal Bureau of Prisons ("BOP") and then to seek judicial review of the BOP's determination by filing a petition for a writ of habeas corpus in the district where he is confined. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (finding that BOP determines credit issues, not the district court). Because he is not confined within the jurisdiction of this court, I will not construe his current submissions as a habeas petition under § 2241.

In his third motion, Newman argues that he is entitled to a further reduction of his sentence based on a policy change within the Department of Justice that allows federal prosecutors to withhold objections to sentences in crack cocaine cases that are within the sentencing guideline range for the same offense involving the same amount of cocaine powder. Newman recognizes that neither the policy itself nor § 3582(c) authorizes application of the one-to-one ratio to his sentence. Nevertheless, he asserts that failure to change his sentence would be "treating similar[ly] situated inmate[s] deliberately indifferent, and would be a complete miscarriage of justice." Newman cites no legal authority upon which I may reduce his sentence at this time based on the policy change, and I must deny his motion.

For the stated reasons, it is hereby **ORDERED** that the defendant's motions for reduction of sentence (Dkt. Nos. 543, 549, and 552) are DENIED.

The Clerk will send a copy of this Order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: July 27, 2009

/s/ JAMES P. JONES
Chief United States District Judge